UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER COURTHOUSE
402 EAST STATE ST., ROOM 7000
TRENTON, NJ 08608
609-989-2009

**Not for Publication**

LETTER OPINION

November 21, 2013

**VIA CM/ECF**
All counsel of record

    Re: *1199 SEIU United Healthcare Workers East v. Barnegat Operating Co., D/B/A Barnegat Nursing Center*
        **Civil Action No. 13-6818 (MAS) (LHG)**

Dear Counsel:

    This matter comes before the Court upon Plaintiff's motion for a Preliminary Injunction. (ECF No. 2.) The Court conducted oral argument on the Motion on November 21, 2013.

    A party seeking a *Boys Market* injunction must prove that the underlying disputes are arbitrable and must also demonstrate the probability of success on the merits, irreparable injury, and that a balance of the hardships supports the award. *Nursing Home & Hosp. Union No. 434 v. Sky Vue Terrace, Inc.*, 759 F.2d 1094, 1098 (3d Cir. 1985). In *Sky Vue*, the Third Circuit stated, "To meet its burden of showing a probability of success on the merits in the context of a *Boys Market* injunction, the union need only show that the position it takes is sufficiently sound to prevent the arbitration from being a futile endeavor. To hold the union to a stricter standard of proof would intrude significantly on the arbitrator's function, and result in the type of judicial preemption of the arbitral process condemned by the Court in *Buffalo Forge*." *Id.* n.3 (*Internal citations omitted.*)

    Here, the underlying dispute regarding the successors clause is clearly arbitrable. This is not disputed and Barnegat and the Union have already scheduled arbitration. In addition, the Court finds that the Union's position is sufficiently sound to prevent the arbitration from being a futile endeavor. As set forth by the Third Circuit in *Sky Vue*, this satisfies the Plaintiff's burden to demonstrate a likelihood of success on the merits.

    However, Plaintiff did not demonstrate irreparable harm. Although the Union raised a significant issue regarding the anticipated increase in the cost of employees' health benefits, it failed to substantiate its claim that the increased cost would force some employees to forgo health

coverage altogether. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000) (citing *Acierno v. New Castle Cty.*, 204 F.3d 475, 488 (3d Cir. 1994)). The Union's failure to demonstrate that any of its members would *actually* lose their benefits renders its claim of irreparable harm speculative. *See Adams*, 204 F.3d at 488 (observing that "irreparable harm must not be speculative") (citing *Acierno*, 40 F.3d at 645). Under these circumstances, a preliminary injunction would be inappropriate. *See Adams*, 204 F.3d at 487.

      The Second Circuit's decision in *Communications Workers of America District One, AFL-CIO v. Nynex Corporation* supports this conclusion. In that case, the union established that at least some of its members had lost their coverage while others were experiencing difficulty obtaining medical treatment. *See Nynex*, 898 F.2d 887, 890 (2d Cir. 1990). Plaintiff in this case did not present evidence establishing that its members faced similar hardship.

      Since Plaintiff did not demonstrate substantial and irreparable injury warranting injunctive relief, its motion for a preliminary injunction is denied.[1]

                                                                  s/ Michael A. Shipp
                                                              **MICHAEL A. SHIPP**
                                                              **UNITED STATES DISTRICT JUDGE**

---

[1] The Court need not reach a balancing of the hardships.